**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0202-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID JONES,

     Defendant-Appellant.

_____

Submitted September 25, 2024 – Decided October 18, 2024

Before Judges Paganelli and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 17-12-0823.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Jeffrey L. Weinstein, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, and Antonio R. Dimeglio, Legal Intern, appearing pursuant to Rule 1:21-3(b), on the brief).

PER CURIAM

Defendant David Jones appeals from the June 19, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We glean the facts from the record. A grand jury returned a ten-count indictment charging defendant with: (1) first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); (2) first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2(a)(1) and 2C:11-3(a)(2); (3) second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); (4) third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); (5) second-degree conspiracy to commit aggravated assault, N.J.S.A. 2C:5-2(a)(1) and 2C:12-1(b)(1); (6) third-degree possession of a weapon (knife) for an unlawful purpose, N.J.S.A. 2C:39-4(d); (7) fourth-degree unlawful possession of a weapon (knife), N.J.S.A. 2C:39-5(d); (8) fourth-degree possession of a controlled dangerous substance (marijuana), N.J.S.A. 2C:35-10(a)(3); (9) third-degree possession of a controlled dangerous substance (marijuana) with intent to distribute, N.J.S.A. 2C:35-5(a)(1); and (10) third-degree possession of a controlled dangerous substance (marijuana) within 1,000 feet of school property, N.J.S.A. 2C:35-7(a).

Defendant and the State entered a negotiated plea deal. In exchange for defendant pleading guilty to first-degree aggravated manslaughter, amended

from first-degree murder; and second-degree aggravated assault, the State agreed to dismiss the remaining counts of the indictment. In addition, the State agreed to recommend that defendant be sentenced to fifteen years in state prison, on the aggravated manslaughter, and seven years in state prison, on the second-degree aggravated assault, with the sentences to run concurrently subject to him serving eighty-five percent before parole eligibility. Defendant faced up to thirty years in state prison for aggravated manslaughter and up to ten years in state prison for second-degree aggravated assault.

During the plea hearing, the court questioned whether defendant had "reviewed the discovery in [the] case." Defendant stated he had not reviewed the discovery. However, defense counsel advised the court that defendant had "a copy of the entire file" and they had "talked about it multiple times." Counsel advised there were "countless jail visits[ p]robably in the neighborhood of [fifteen] or so . . . where [they had] talked about the discovery." Further, counsel explained he and defendant talked about the State's allegations, possible defenses, the video footage, and helpful and unfavorable facts.

Defendant contended he never saw the video. However, defense counsel stated he "sent [him] all of the videos." Thereafter, the court recessed the matter

3

to allow defendant and counsel to privately meet and confer. The State provided video equipment, and defendant and counsel watched the video.

Upon returning to the courtroom, the transcript reveals the following exchange between the defendant and the plea court:

Court: Do you wish to continue with this plea?

Defendant: Yes.

Court: Yes? Are you sure?

Defendant: Yes.

Court: Okay. I want to remind you that you are still under oath.

Defendant: Okay.

Court: Meaning that you've already sworn to tell the truth in this courtroom. Do you understand that?

Defendant: Yes.

Court: All right. So, you've reviewed the discovery now in this case and you've had an opportunity to consult with [counsel].

Defendant: Yes.

Court: Are you satisfied with [counsel]'s services?

Defendant: Yes.

After the court advised defendant of the import of a guilty plea and how he was waiving certain constitutional rights, defendant acknowledged that he was waiving his rights—freely and voluntarily—and that no one threatened or forced him into waiving his rights.

Thereafter, defendant provided a factual basis to support his plea. In addition, defendant stated he had initialed each page of the plea form, signed the last page of the plea form, and signed the supplemental plea form. The judge reminded defendant he was under oath, and defendant stated his answers to all the questions on the forms were true. On defendant's forms he stated no "threats [had] been made in order to cause [him] to plead guilty" and he was "satisfied with the advice [he] ha[d] received from" defense counsel. In addition, he stated he understood he was giving up rights to: (1) "a jury trial in which the State must prove [him] guilty beyond a reasonable doubt"; (2) "remain silent"; and (3) "confront the witnesses against" him.

Defendant returned to court for sentencing. The sentencing court considered the relevant factors and concluded the aggravating factors

A-0202-23

outweighed the mitigating factors and, "find[ing] . . . this was an extremely fair resolution[,]" sentenced defendant in accordance with the negotiated plea.[1]

Defendant filed a petition for PCR. In his pro se petition he asserted defense counsel's representation was deficient because counsel "failed to communicat[e]" and "failed to properly investigate the case and provide [him] with . . . full discovery before encouraging [him] to take a plea deal."

In a supplemental brief, PCR counsel argued defendant "never reviewed the complete copy of the discovery because [defense counsel] never provided it to" defendant. Further, "[r]easonably competent counsel would have provided a full and complete copy of all discovery provided by the State and would have reviewed it with" defendant.

Moreover, PCR counsel contended defendant was "pressured . . . into entering the plea," defense counsel "refused to consider a trial," and "made no effort to prepare for trial." Further, PCR counsel asserted defendant "wanted to challenge the State's proofs at trial and did not want to enter a guilty plea."

The PCR court concluded defendant failed to establish defense counsel's performance was deficient. The judge found "counsel met with [defendant]

---

[1] We affirmed defendant's appeal of the sentence on an excessive sentencing calendar pursuant to Rule 2:9-11. State v. David J. Jones, No. A-2239-19 (App. Div. June 7, 2021).

A-0202-23

numerous times to review the discovery and had provided [defendant] with the entire file." Moreover, regarding the video, the judge found "counsel and [defendant] went into the jury room and w[ere] . . . able to view the video at the same time in the presence of each other and then had an opportunity to . . . talk about it amongst . . . themselves." Thereafter, defendant "indicated to the court and . . . the court ensured that [defendant] wanted to proceed with the plea." The judge concluded defendant "failed to show that . . . counsel's performance was deficient in this regard."

Further, the judge rejected defendant's contention that counsel's performance was deficient for having: (1) "instructed him to plead guilty"; (2) "made no effort to prepare for trial"; and (3) "refused to consider a trial which pressured the [defendant] into pleading guilty." Unpersuaded by defendant's assertion "that he wanted to test the State's proofs at trial and did not want to plead guilty," the judge concluded defendant's allegations were "contradicted by the record." The judge stated:

> during the plea colloquy [defendant] acknowledged he understood the plea . . . . After viewing the video footage, he acknowledged that he reviewed discovery and . . . had an opportunity to consult with counsel. [Defendant] told the court that he was satisfied with counsel's services. [Defendant] had waived his rights voluntarily and . . . no one had forced or threatened him . . . .

7

Moreover, the judge stated that "[a]fter placing the factual basis [for the guilty plea] on the record . . . [defendant] acknowledged that he reviewed the plea forms and the answers on the form were his and truthful." Thus, the judge determined defendant "ha[d] failed to show that . . . counsel's performance was deficient in this regard."

Lastly, the judge concluded defendant merely made "bald assertions" regarding counsel's "failure to communicate and failure to conduct a proper investigation." The judge found defendant failed to "assert the facts that [an] investigation would have revealed."

Having determined that defendant "failed to show a reasonable likelihood of succeeding in his claim of ineffective assistance of counsel . . . [and there being no] claim which c[ould] not be resolved by the re[view] of an[] existing record," the judge concluded defendant was "not entitled to an evidentiary hearing."

Here, defendant contends the PCR court erred because:

> Point 1
> The Failure of Counsel to Fully Review Discovery With [Defendant] Prior to Entering The Guilty Plea, And Then, Proceeding With the Plea Despite the Opportunity to Adjourn Proceedings For A More Thorough Review Established A Prima Facie Case of

8

Ineffective Assistance Of Counsel That Warranted the Grant of an Evidentiary Hearing.

A. Trial Counsel Was Ineffective For Proceeding With the Plea Agreement After [Defendant] Claimed at the Plea Hearing That He Had Not Reviewed Discovery With Counsel.

B. Trial Counsel Was Ineffective In Pressuring [Defendant] to Plead Guilty.

C. [Defendant] Was Substantially Prejudiced by Counsel's Ineffectiveness in Connection With His Guilty Plea.

Essentially, defendant contends trial counsel's representation was deficient because counsel should have: (1) "sought an adjournment instead of proceeding with a guilty plea"; and (2) "exercised his reasonable professional judgment to ensure that [defendant] knowingly and voluntarily entered into his plea after sufficient time to review all discovery." Further, defendant argues he was "substantially prejudiced by defense counsel's representation, which resulted in him accepting a guilty plea without full review of discovery. If [defendant] had this opportunity, he would have challenged the evidence at trial, and would not have entered a guilty plea."

PCR provides a "built-in 'safeguard that ensures that a defendant [is] not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). "The mere raising of a claim for PCR does

not entitle the defendant to an evidentiary hearing." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023). Instead,

> [a] defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that c[ould] not be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief. To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.
>
> [R. 3:22-10(b).]

Therefore, if "the defendant's allegations are too vague, conclusory, or speculative . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997). A defendant's "bald assertions" will not do. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

We review a judge's decision to deny a PCR petition without a hearing for an abuse of discretion. Marshall, 148 N.J. at 157-58. An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

"Where, as here, the PCR court ha[d] not conducted an evidentiary hearing, we review its legal and factual determinations de novo."  State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020).

A defendant petitioning for PCR must establish by a preponderance of the credible evidence, that they are entitled to the requested relief.  Nash, 212 N.J. at 541.  Here, defendant's PCR petition is predicated on his claim that his plea counsel was ineffective, and therefore he must satisfy the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987).[2]  A failure to satisfy either prong requires the denial of a PCR petition founded on an ineffective assistance of counsel claim. Strickland, 466 U.S. at 700.

Under the first prong, defendant must establish "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Constitutions.  Id. at 687.  The first prong requires a showing that "counsel's representation fell below an objective standard of reasonableness."  Id. at 688.  "[T]he [PCR] court should

---

[2]  "The Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the New Jersey Constitution require that a defendant receive 'the effective assistance of counsel' during a criminal proceeding."  State v. Porter, 216 N.J. 343, 352 (2013).

recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Under the second prong, defendant must establish "the deficient performance prejudiced the defense." Id. at 687. In the context of a guilty plea, a defendant must establish "that there [wa]s a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial." State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must convince the court that a "decision to reject a plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

In conducting our de novo review, we are convinced defendant failed to establish plea counsel's representation was inadequate. Here, defendant argues counsel should have sought an adjournment, however, defendant advised the plea court he wanted to proceed. Moreover, defendant advised the plea court that he had reviewed the discovery, had an opportunity to consult with defense counsel, and was satisfied with defense counsel's services. There is no evidence defendant was forced or pressured or that he did not enter his plea willfully and knowingly.

A-0202-23

Further, as to prejudice, defendant baldly asserts "he would have challenged the evidence at trial, and would not have entered a guilty plea." However, even at this stage, defendant does not support this contention with any meaningful challenge to the evidence or the presentation of contrary evidence.

Moreover, we are satisfied that it would not have been rational for defendant to reject the plea deal. Considering the charges to which defendant pled guilty, he was exposed to substantially more prison time than the plea provided. In addition, defendant's exposure to prison time, for the other counts of the indictment, enhanced the reasonableness of accepting the plea since the other counts were dismissed in the plea deal.

Finally, on the record presented, we perceive no abuse of discretion in the PCR court's denial of an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0202-23